# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 13, 2011

Lyle W. Cayce
Clerk

No. 10-51127
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARMANDO CONTRERAS-VILLEGAS, also known as Armando Contreras Villegas,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2014-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Armando Contreras-Villegas appeals the sentences imposed following his guilty plea convictions for attempted illegal reentry, in violation of 8 U.S.C. § 1326, and false personation in immigration matters, in violation of 18 U.S.C. § 1546. Contreras-Villegas contends that his within-guidelines sentences are substantively unreasonable because they were greater than necessary to satisfy the sentencing goals outlined in 18 U.S.C. § 3553(a). In that regard, Contreras-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Villegas asserts:  the unlawful-reentry Guideline is not empirically based and effectively double counts a prior conviction; he is prejudiced by a disparity between sentencing districts that employ "fast track programs" and the one in which he was sentenced that does not have that program; and his sentences fail to take into account that his crime amounted to an attempted international trespass and that he suffered physical abuse as a child.

We review the substantive reasonableness of Contreras-Villegas's sentence for an abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  As Contreras-Villegas concedes, his arguments regarding the lack of empirical data for the illegal reentry Guideline and a fast track program are foreclosed by our precedent.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009) (rejecting defendant's contention that because his illegal reentry offense effectively double counted his previous crime and was unsupported by empirical data, the presumption of reasonableness did not apply); *United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir. 2008) (rejecting challenge to a sentence based upon the lack of a fast track program).

Contreras-Villegas's disagreement with the district court's balancing of the § 3553(a) factors does not suffice to show error.  *See Gomez-Herrera*, 523 F.3d at 565-66.  The district court considered and rejected his arguments for a sentence below the recommended guidelines range.  He has not shown that his sentences are unreasonable, and he has not shown that the presumption of reasonableness should not be applied to his within-guidelines sentences.  *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  The judgment of the district court is AFFIRMED.